**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LORI GROHOL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDDLE DISTRICT OF PENNSYLVANIA, et al.,<br><br>Defendants. | CIVIL ACTION NO. 4:26-CR-01523<br><br>(MEHALCHICK, J.) |

## MEMORANDUM

Plaintiff's latest complaint again defies the Federal Rules of Civil Procedure and Pennsylvania Rules of Professional Conduct. In response to adverse rulings by this Court in another case, *Grohol v. Administrative Office of Pennsylvania Courts, et al.,* 4:26-CV-01437, Plaintiff, through her same counsel, filed the instant matter on June 3, 2026. (Doc. 1).[1] Plaintiff claims that in its rulings in her other case, the Middle District of Pennsylvania violated the Constitution, as do "judicially-created doctrines" such as *Rooker-Feldman* and *Younger* abstention. (Doc. 1, at 1, 4). After these conclusory legal statements, Plaintiff's counsel recounts her own experiences as a law clerk and repeatedly refers to the Court and its rulings as asinine, incompetent, absurd, and illegal. (Doc. 1, at 11-21). The entire complaint is in obvious violation of Federal Rules of Civil Procedure 8 and 12 and the Rules of

---

[1] Plaintiff moves for leave to proceed *in forma pauperis*. (Doc. 2). That motion is **GRANTED**. As such, this Court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2), which permits the court to dismiss, at any time, an action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Professional Conduct. For these reasons, the complaint will be dismissed without leave to amend.

A complaint **must** contain a **short and plain** statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2) (emphasis added). Plaintiff's complaint is neither short nor plain and must be dismissed for patently failing to comply with the Rules of Civil Procedure. As it stands, the complaint violates the principal function of pleadings under the federal rules, that being "to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Kamdem-Ouaffo v. Huczko*, 810 Fed. App'x. 82, 84 (3d Cir. 2020) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).[2] As best as this Court can tell, in its 66 pages, the complaint expresses displeasure with the Court's rulings and perceived retaliation against counsel, framing these concerns as constitutional violations. (Doc. 1). As the Third Circuit notes, "'[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Kamdem-Ouaffo*, 810 Fed. App'x at 84 (quoting *Salahuddin*, 861 F.2d at 42) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)). Plaintiff's complaint puts an unwarranted, unjustified, and wholly unreasonable burden upon the Court and the defendants to ferret through paragraphs and pages of unspecified and unrelated complaints, arguments, and conclusory statements to determine if there are any facts stated that might support any cause of action over which this Court has jurisdiction. Further, as Plaintiff's counsel presumably understands, when one wishes to pursue review of an adverse ruling, as it appears Plaintiff is

---

[2] The Court notes that these cases involve pleadings filed by *pro se* litigants. Astoundingly, in the instant matter, **it is a licensed attorney** who has so blatantly violated Rule 8's confines.

attempting to do here, the appropriate course of conduct is to file a motion for reconsideration or take an appeal of that ruling. Instead, counsel filed the instant action in response to adverse rulings in another matter.

Next, the portions of the complaint that allege that the Court's rulings are "asinine, incompetent, absurd, and illegal" are wholly inappropriate and impertinent, and detract from the dignity of the legal profession and the court and warrant being stricken pursuant to Rule 12(f). (Doc. 1, at 11, 15-17, 19-21). Pursuant to Rule 12 of the Federal Rules of Civil Procedure, a court may strike *sua sponte* any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter has no essential or important relationship to the claim for relief, impertinent matter does not pertain and is not necessary, and scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action, or detract from the dignity of the court. *Zaloga v. Provident Life and Acc. Ins. Co. of America*, 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009); citing *Donnelly v. Commonwealth Fin. Sys.,* No. 07–CV–1881, 2008 WL 762085, at *4 (M.D. Pa. 2008).

In the midst of the complaint, Plaintiff moves for recusal of the entire bench of the Middle District of Pennsylvania. (Doc. 1, at 10). "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Moreover, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or in any proceeding where the judge "has a personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1). Regardless of

whether a party seeks relief "under § 144 alone or also [seeks] recusal under 28 U.S.C. § 455, legal rulings, even if erroneous, 'alone almost never constitute a valid basis for a bias or partiality motion.'" *United States v. Icker*, No. 23-2255, 2023 WL 6457821, at *2 (3d Cir. Oct. 4, 2023) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see also Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). It appears that the basis for moving to recuse the entire Court is counsel's displeasure with the denial of temporary restraining orders in other cases and perceived or anticipated bias against counsel. These are not bases upon which a court should recuse[3] and therefore, to the extent Plaintiff is moving for recusal, that motion is denied.

Finally, the Court is compelled to remind counsel of her professional obligations under the Federal Rules and the Rules of Professional Conduct. The Federal Rules of Civil Procedure should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1. Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure. Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment. As comment 4 to Rule 3.5 of the Pennsylvania Rules of Professional Conduct notes, in pertinent part, "[t]he advocate's function is to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants." Pa. Rules of Pro. Conduct

---

[3] Adverse rulings not a basis for recusal, and neither are expressions of impatience, dissatisfaction, annoyance, or even anger. *Liteky*, 510 U.S. at 555–56.

3.5 cmt. 4. Counsel is reminded of the following parts of this Court's Code of Professional Conduct:

> 2. I will treat with civility and respect the lawyers, clients, opposing parties, the court and all the officials with whom I work. Professional courtesy is compatible with vigorous advocacy and zealous representation. Even though antagonism may be expected by my client, it is not part of my duty to my client.
>
> …
>
> 8. I will not engage in conduct that brings disorder or disruption to the courtroom. I will advise my client and witnesses appearing in court of the proper conduct expected and required there and, to the best of my ability, prevent my client and witnesses from creating disorder or disruption.
>
> M.D. Pa. Code of Pro. Conduct r. 2, 8.

To date, counsel's filings have not been civil. The complaint is the definition of disorder and is not respectful. It fails to present evidence or argument such that her client's cause may be decided according to the law. Counsel is directed to refrain from making impertinent, irrelevant, scandalous remarks about this or any other court or court staff. If she continues to do so, the Court will schedule a hearing to determine if sanctions are warranted.

For the foregoing reasons, the complaint is dismissed. As the claims attempted to be made appear to be requests for review of other rulings this Court has made, the appropriate course of conduct is an appeal of those rulings. As such, the Court finds that leave to amend would be futile and will not be granted. The Clerk of Court is directed to close this case.

An appropriate Order follows.

BY THE COURT:

Date: June 10, 2026

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**

5